## UNITED STATES DISTRICT COURT

### FOR

### DISTRICT OF MASSACHUSETTS

RALPH CARTER, et al.
    Plaintiffs

CIVIL ACTION
NO. 77-2085-S

V.

FRANK A HALL, COMMISSIONER OF CORRECTION, et al.
    Defendants

## COMPLAINT FOR CIVIL COMPLAINT PROCEEDINGS AND CLARIFICATION:

1. This is an action for civil contempt pursuant to Federal Rules Of Civil Procedures.

### PARTIES:

2. The Plaintiffs are the inmates of the Billerica House of Correction.

3. The Defendants are the Middlesex County Sheriff, the Middlesex County Commissioners and the Massachusetts Commissioners of Corrections.

### Facts:

4. On February 23, 1979 this Court entered the attached Settlement Agreement and Stipulation pursuant to F.R.Civ.P. 41(a)(i)(ii), in accordance to the mutually agreeable settlement reached by the parties. Which states in

pertinent parts of paragraph (3): "the defendants or their
successors in office must employ, on a full-time basis,
a memeber of the Bar of Massachusetts to provide legal
advice and assistance to both pre-trial and sentenced inmates
at the Middlesex County Jail and House of Correction at
Billerica, is hereto attached as EXHIBIT A and is
incorporated by reference herein.

### COUNT I:

### CONTEMPT:

5.  Notwithstanding the provisions of the Settlement Agreement
    And Stipulation, and Order of this Court, the Defendants
    have "deliberately" failed to provide to "legal advice
    and assistance" to the Plaintiffs equally, in violation
    of paragraph 3.

6.  The Defendants have employed two Inmate Attorneys Lee
    Gartenberg and John Goggin, and two paralegals Stephanie
    Kean and John Regan. All of who harbor blatant animosity
    bigotry and hostility towards Plaintiffs who pursue legal
    their employer the Defendants.

7.  The Plaintiff Gerald Jones has been in the custody of the
    Defendants fro approximately (22) months. Where the
    Defendants via Inmate Legal services have denied him acces
    to "meaningful" legal assistance or the courts, by: refusing
    research materials, advice, photo copies, access to the

**(3)**

Massachusetts State and federal Rules of the Courts, Advance
Lawyers Weekly, and verification of his indigency status.
They have on Deferent dates and times refused Plaintiff
photo copies because of his Hepatitis, transferred him to
different parts of the jail to prevent him having direct
access to the Law library, and forced to rely on them via
once a week for (5) minutes, and conspiring with Defendants
to transfer Plaintiff to Bristol Count House of Correction
Department of segregation for several weeks without a
disciplinary infraction, in retaliation for Plaintiff
First Amendment Rights to redress grievances and petition
the courts.

8. Attorney John Goggin informed Plaintiff on October 4, 2001
that he would never give Plaintiff "meaningful access" to
courts, research cases, give advice or help verify his
indigency status in order to pursue his medical claim
against the defendants and for Plaintiff to pay for himself.
He then informed the Plaintiff that Avery V. Johnson allows
choose what is legally accessible for the Plaintiffs.
And that he would kick Plaintiff ass if he ever saw him
on the streets because he was a bum and a punk.

Wherefore, the Plaintiffs respectfully request the Court to:
(a) grant a judgement for contempt providing sanctions against
the defendants for their "deliberate' failure to comply
Settlement Agreement and Order of this Court.

(4)

(b) grant the Plaintiffs clarification on wether or not Johnson
    V. Avery permits Inmate Attorneys to discriminate between
    which inmates they chose to assist.

(c) grant a judgement of contempt, providing that the
    Defendants  comply with paragraph (3) of the Settlement
    and grant the Plaintiff a hearing on the merits.

See attached
Exhibits:

Respectfully Submitted

Gerald JONES

10-5-01

Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

. . . . . . . . . . . . . . . . . . . . . .

RALPH CARTER, WILLIAM HAVERTY, MATTHEW
NORRIS, STEVEN FORD, JASON HANNON, MICHAEL
RENZ and WAYNE CHAMBERLAIN, individually
and on behalf of all others simularly
situated,

                              Plaintiffs


                    v.


FRANK A. HALL, individually and in his
official capacity as Commissioner of
Correction for the Commonwealth of Massa-
chusetts; LINWOOD H. SNOW, individually
and in his official capacity as Sheriff
of Plymouth County; GERARD F. BURKE, JOHN
J. FRANEY, and JOSEPH MC CARTHY, individu-
ally and in their official capacities as
county commissioners for Plymouth County;
JOHN J. BUCKLEY, individually and in his
official capacity as Sheriff of Middlesex
County; MICHAEL E. MC LAUGHLIN, S. LESTER
RALPH, and JOHN L. DANEHY, individually
and in their official capacities as county
commissioners for Middlesex County; CLIFFORD
H. MARSHALL, individually and in his offi-
cial capacity as Sheriff of Norfolk County;
JAMES J. COLLINS, GEORGE G. MC DONALD, and
THOMAS K. MC MANUS, individually and in
their official capacities as county commi-
sioners for Norfolk County; CHARLES H.
REARDON, individually and in his official
capacity as Sheriff of Essex County; JOHN
W. MC KEAN, EDWARD H. CAHILL, and KATHERINE
M. DONOVAN, individually and in their
official capacities as county commissioners
for Essex County; JOHN J. BOWES, individually
and in his official capacity as Sheriff of
Barnstable County; CHARLES W. EAGER, EDWARD
A. CROWELL, and ROGER L. SAVERY, individually
and in their official capacities as county
commissioners for Barnstable County; DONALD
J. MC QUADE, individually and in his offi-
cial capacity as Sheriff of Franklin County;
JOHN F. BASSETT, MARGARET H. HERLIHY, and
THOMAS W. MERRIGAN, individually and in their
official capacities as county commissioners
for Franklin County,

                              Defendants

. . . . . . . . . . . . . . . . . . . . . .

CIVIL ACTION NO.
77-2085-S


STIPULATION OF ALL
PARTIES FOR DISMIS-
SAL OF COMPLAINT
WITH RESPECT TO
SHERIFF AND COUNTY
COMMISSIONERS OF
MIDDLESEX COUNTY

-2-

## SETTLEMENT AGREEMENT AND STIPULATION
## PURSUANT TO F.R.CIV.P. 41(a)(i)(ii)

Subject to the approval of this Court, it is hereby stipulated by and between counsel for Plaintiff inmates of the Middlesex County Jail and House of Correction and counsel for Defendant Sheriff and County Commissioners of Middlesex County, as follows:

1.  That pursuant to Rule 41(a) of the Federal Rules of Civil Procedure all claims contained in the complaint filed in this action by the above-named parties shall be dismissed without prejudice, it being understood that such stipulation for dismissal applies only to the above-specified parties and in no way limits or otherwise restricts the remaining Plaintiffs' right to proceed with their claim made in this action against other named Defendants;

2.  That said parties hereto shall bear their respective costs and attorneys' fees incurred to date in connection with the prosecution and defense of this civil action;

3.  That pursuant to a mutually agreeable settlement reached by the parties hereto, Defendant Sheriff and County Commissioners and/or their successors in office have employed by the date this stipulation is entered, on a full-time basis, a member of the Bar of the Commonwealth of Massachusetts to provide legal advice and assistance to both pre-trial and sentenced inmates at the Middlesex County Jail and House of Correction at Billerica.

greatly exceed the limit prescribed by this Court. Specifically, the defendants have violated paragraphs 10(f) and 10(i) as amended.

8.    Notwithstanding the provisions of the Judgment and Order of this Court the defendants have utterly failed to take the measures required to reduce the inmate population as required and set forth in paragraphs 10(h), 10(j) and 10(k).

9.    The failure of the defendants to comply with the provisions of the Judgment and Order of this Court has damaged the plaintiffs.

Wherefore, the plaintiffs respectfully request this Court to:

(a) order the issuance of a summons directing the defendants, Middlesex County Sheriff, Middlesex County Commissioners and Massachusetts Commissioner of Corrections, to appear before this Court not later than ten days from the filing date of this Complaint for the scheduling of a trial on this matter,

(b) grant a judgment for contempt, providing sanctions against the defendants for their failure to comply with the Judgment and Order by this Court against them,

(c) grant a judgment for contempt, providing that the defendants must comply with the Judgment and Order by this Court against them,

(d) grant a judgment for contempt, providing that the defendants must pay the plaintiffs' costs and reasonable attorneys' fees for bringing this proceeding,

(e) order that service may be made on the defendants, Middlesex County Sheriff, Middlesex County Commissioners and Massachusetts Commissioner of Corrections and the defendants' counsel, by the plaintiffs' attorneys by service of this Complaint certified mail, return receipt requested, or by special process server.

THE INMATES OF THE BILLERICA HOUSE OF CORRECTION,
By their attorneys,

Kenneth J DeMoura, BBO No. 548910
James J. Villani, BBO No. 567977
Burpee & DeMoura
150 Federal Street, 13th Floor
Boston, Massachusetts 02110
(617) 737-9222

Dated: March 10 , 1995

4

-3-

For the Plaintiffs,


*Susan E. T. Studlien*
Susan E. T. Studlien
Massachusetts Civil Liberties
    Union Foundation
68 Devonshire Street
Boston, Massachusetts 02109
Tel. No. (617) 742-8020

*Alex H. MacDonald*
Alex H. MacDonald
Hemenway & Barnes
60 State Street
Boston, Massachusetts 02109
Tel. No. (617) 227-7940

Date: *February 23, 1979*


For the Defendant John J. Buckley,


*S. George Bromberg*
S. George Bromberg
Bromberg & Rosenblatt
73 Tremont Street
Boston, Massachusetts 02108


For the Defendants Michael E. McLaughlin, S. Lester Ralph and
    John L. Danehy,


*Michael Manzi*
Michael Manzi
101 Amesbury Street
Lawrence, Massachusetts 01840
Tel. No. (617) 686-3821


For the Defendant Frank A. Hall,


*Lee Carl Bromberg*
Lee Carl Bromberg
Special Assistant Attorney General
Department of Correction
100 Cambridge Street
Boston, Massachusetts 02202
Tel. No. (617) 727-3324

-4-

For the Defendants Donald J. McQuade, John F. Bassett, Margaret
  H. Herlihy and Thomas W. Merrigan,


Craig W. Barry, Jr.
Trudel, Bartlett & Barry
393 Main Street
Greenfield, Massachusetts 01301
Tel. No. (413) 774-4373


For the Defendants Linwood H. Snow, Gerard F. Burke, John J.
  Franey and Joseph McCarthy,


Paul J. Sullivan
116 Front Street
Scituate, Massachusetts 02066


For the Defendants Clifford H. Marshall, James J. Collins, George
  G. McDonald and Thomas K. McManus,


Terry Segal
Silverman & Kudisch
100 State Street
Boston, Massachusetts 02109


For the Defendants John J. Bowes, Charles W. Eager, Edward A.
  Crowell and Roger L. Savery,


David Pyne
Pyne & Weber
149 Main Street
Hyannis, Massachusetts 02601

Exhibit B

# SUPREME JUDICIAL COURT
### 1300 NEW COURT HOUSE
### BOSTON, MASSACHUSETTS 02108

**Robert S. Bloom**
*Deputy Administrative
Assistant*

617-557-1165

September 7, 2001

Gerald Jones
Billerica House of Correction
269 Treble Cove Road
Billerica, MA 01862

Dear Mr. Jones:

    I have referred your letter of September 4, 2001 to Massachusetts Correctional Legal Services. (MCLS) If, as you allege, the Department of Correction is refusing to provide statements of inmates' accounts, the result could be a general undermining of rights under the Indigent Court Cost Law.

Very truly yours,

*Robert Bloom*

Robert S. Bloom

RSB:aw
cc: MCLS

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss

SUPERIOR COURT
CIVIL ACTION
NO. *01- 3627*

*Gerald Grisses* _____ Plaintiff

Vs.

*George Gallitano* _____ Defendant

## ORDER PURSUANT TO M.G.L. C261 S 27H

The Department of Corrections is ORDERED to produce to the Middlesex Superior Court a statement of the inmate account for *Gerald Grisses* _____ who is housed in the *Billerica HOC* _____ . The statement to be produced shall be for the 6 month period prior to the date of this order. The statement is to be mailed to:

Middlesex Superior Court
Martha Fulham, Assistant Clerk
40 Thorndike Street
Cambridge, MA 02141

By the Court,

Dated: *8/81/01*

Attest: *Martha Fulham* .
Assistant Clerk

## Inmate Grievance Form

Name: _Gerald O Jones_     Housing: _C.W.P_

Date Grievance is Submitted: _10-04-01_

Date of Specific Incident (if any): _10-4-01_

Is this grievance of an emergency nature?

Circle One:     (YES)     NO

Please state grievance or complaint:

_Continued interference and denied_
_of access to the court. My_
_letters are bagged to me that_
_she does not line and_
_co-workers are not here to see_
_we see the letter. I don't like it_

Please state requested remedy: _I don't like it. I need_
_to write another firm law_
_Complaint to the ABC. The staffs_
_procedures to harass me and have_
_a threat and a loader who will_
_be doing life?_

Signature: _____

(Use reverse side if needed)

_I meaningful access to the court. To_
_law library and not be insulted and_
_attacked, racist bigoted ____

C S
B O

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## Inmate Receipt for Grievance Form

Inmate's Name: _____     Housing: _____

Date and Time Received: _____

Signature and Title of Employee receiving Grievance Form:

_____

# Inmate Grievance Form

Name: _Gerald Jones_     Housing: _A-5_

Date Grievance is Submitted: _10-1-01_

Date of Specific Incident (if any): _9/26/01_

Is this grievance of an emergency nature?

Circle One:     (YES)     NO

Please state grievance or complaint:

_Librarian John Regan refused to give me copies of articles out of Lawyers Weekly which are not in the law books yet, and he claims are not on the computer._

Please state requested remedy:

_to be free to photo copy cases from the Lawyers Weekly already okiied by Lee Gutenberg - phd I to legal_

Signature: _Gerald Jones_

(Use reverse side if needed)

- - - - - - - - - - - - - - - - - - - -

## Inmate Receipt for Grievance Form

Inmate's Name: _Gerald Jones_     Housing: _A5_

Date and Time Received: _10-1-01    2:30 pm._

Signature and Title of Employee receiving Grievance Form:

_Daniel ____ - Caseworker_

# MIDDL␣␣␣EX COUNTY - OFFICE OF ␣␣␣ERIFF
## DISCIPLINARY REPORT

TO BE COMPLETED BY DISCIPLINARY OFFICE

Major: ____ Minor: ____ D-Report #: _____ Date: _____

Disciplinary Officer: _____

CAMBRIDGE [ ]
BILLERICA [✓]

UNIT: 00

INMATE: Gerald Jones         I.D.#: 97888     CODES: 7⟋, 18, 7

DESCRIPTION OF OFFENSE:

This man approached the library desk with a type written letter in his mouth. Moments later he requested copies of several documents. I told him I would not copy or handle any paper which he had placed in his mouth. He insisted that he did not include that paper in his request. He showed me a piece of paper with pencil hand writting on it. I knew this was not the paper I was concerned with, so I told him he would not get any copies today. He started to argue loudly saying "I'll play with you." He drew the attention of inmates and staff and continued to argue following me to the training center desk. I consider his remarks to be a threat and his actions a disturbance to the library.

REPORTING STAFF MEMBER'S SIGNATURE        9-26-00   2:40 PM
                                          DATE AND TIME

INMATE PLACED ON LOCK-IN STATUS: YES: ✓ NO: ____ UNIT: _____

INFORMAL ACTION TAKEN BY SUPERVISOR: _____

SUPERVISOR'S SIGNATURE          9/26/00
                                DATE

BC012 Rev

## MIDD   EX COUNTY - OFFICE OF S   RIFF
## APPEAL FORM

INMATE: _Gerald Jones_   I.D.#: _7700__   DATE: _9/2 /2000_

DISCIPLINARY REPORT #: _No #_

If you wish to appeal the finding(s) or sanction(s) regarding the disposition of the Disciplinary Report identified above, complete this form and submit it to the Superintendent/designee within seven (7) days of receipt of the hearing results.

- [ ] There was not substantial compliance with the Disciplinary guidelines.
- [ ] The decision was not based on substantial evidence.
- [ ] The sanction(s) was not proportionate to the offense.
- [ ] Other

### INDICATE IN THE SPACE BELOW THE SPECIFIC GROUNDS FOR YOUR APPEAL

I was denied witnesses including the reporting
staff person. The ticket has no witnesses on
it. I was found guilty of violating rule 1
causing disturbance when the only thing I
did was ask the librarian John Cryan
how to spell his last name. off he
yelled out in the library that I
had hepatitis and he didn't want
to get contaminated so he wasn't
making me any copies. He heard
I have hepatitis because he reads all
of my legal documents and I have
a case against the sheriff's Dept
for refusing to treat me for hepatitis.
There were several inmates who heard
him say this and were upset by it.

_Gerald Jones_                    9/28/2000
**INMATE'S SIGNATURE**            **DATE**

- [ ] UPHOLD DECISION OF DISCIPLINARY HEARING
- [✓] MODIFY DECISION OF DISCIPLINARY HEARING: _outcome 9/30/00_

_Robert F Thomas_                    9/29/00
**SUPERINTENDENT/DESIGNEE**          **DATE**

BC042

MIDDLESEX COUNTY HOUSE OF CORRECTION

## INMATE GRIEVANCE FORM

RECEIVED BY: _____

DATE: 3/14/2001

NAME: Gerald Jones

HOUSING: D-19

DATE GRIEVANCE IS SUBMITTED: "Continuously"

DATE OF SPECIFIC INCIDENT (IF ANY): _____

IS THIS GRIEVANCE OF AN EMERGENCY NATURE?
CIRCLE:                    (YES)          NO

PLEASE STATE GRIEVANCE OR COMPLAINT:

The following individuals have repeatedly refused to make copies of my appeal brief that was due on 3/12/2001 Deputy Eddie Dyment, Librarian/Paralegal John Reagan, Inmate Legal John Higgins and Paralegal Stephanie Kerin. They continued to pass the buck or

PLEASE STATE REQUESTED REMEDY:

ignore my request. I need copies of this brief right away and to have a least put to this petty harassment and interference with my

SIGNATURE: access to the courts.

Gerald Jones
3/14/2001          (Use reverse side if needed.)

### INMATE RECEIPT FOR GRIEVANCE FORM

INMATE'S NAME: _____

HOUSING: _____

DATE AND TIME RECEIVED: _____

SIGNATURE AND TITLE OF EMPLOYEE RECEIVING GRIEVANCE FORM: _____

Gerald Jones
269 Treble Cove Road
North, Billerica, MA. 01862                    **March 15, 2001**


Chief Justice, William G. Young
U.S. District Court
U.S. Courthouse
1 Court House Way
Boston, MA. 02210

RE: **Civil Action No. 77-2085-S/Equal Rights And Access To The Courts:**


Dear Your Honor:

I am in desperate for you to do something  about the continuing
denial of my Equal Rights and access to the courts. As a direct
result of acts and omission of the Inmate Legal Service Department
in conjunction with my biggotted custodians.


The following individuals have repeatedly refused to make
copies of my appeal brief that was due on 3/12/2001: Deputy
Eddie Dyment, Director Of Human Services; John Groggin and
Stephanie Kean of Inamte Legal Services; John Regan, Librarian
and attorney Lee Gartenberg of Inmate Legal Services. All of who
I have complained of in the past for petty harassment and reraliat-
ing against me for filing grievances and civil actions. All of
which could have been avoided if they wouldn't allow they're
personal agendas, biases, and opinions to interfere with they're
lawful objectives and mine.


It is unfortunate that I have to result to writing you in order
to obtain copies from these individuals who were commissioned to
assist me. But the fact that I have again had to appeal to you
should warrant some serious consideration with respect to my
rights secured under the Massachusetts and U.S.Constitution.


**Respectfully Submitted,**


_____

**Gerald Jones**

Gerald Jones
269 Treble Cove Road
North, Billerica, Ma. 01862

**October 6, 2000**

Chief Justice, William G. Young
U.S. District Court
U.S. Courthouse, 1 Courthouse Way
Boston, Ma. 02210

Re: **Civil Action No. 77-2085-S**

Dear Your Honor,

The the Court issued a memorandum in the above entitled case as part of a settlement stipulating that the Middlesex County Sheriff's Department provide the prisoners at the jail and the Billerica House of Correction with legal advice and assistance, by a member of the Bar of Massachusetts.

I am appealing to Your Honor on behalf of myself and numerous other prisoners here at the Billerica House of Correction. Who are being unjustly denied legal assistance and advice. Because of attorney lee Gartenberg and his Paralegal STephanie Kean who is belligerent, sarcastic misleading and very hostile towards prisoners who do not openly lust after her or who have grievances with the administration.

There are many of us here who are suffering as a direct result of Ms. Keans twisted agenda and debilitating motives.They both continue to deny us the basic legal advice and assistance that we need to combat certain abuse by the guards and the medical personnel here. Attached is my July 8, 2000 grievances to the Board of Bar Overseers concerning the frustrating and oppressive conditions here. Which are in direct contrast to what the Court had in mind when it "commissioned" the Sheriff's Department to provide legal service and advice to [a]ll prisoners in their custody.

We here are at our wits end on how to best deal with these individuals who clearly do not have our best interest at hand. Therefore we would sincerely tender your response.

Respectfully Submitted


_____
Gerald Jones


CC: Constance V. Vecchione BBO
    Sheriff James Dipaulo
    Katherine  A. Jordan,Mass. Paralegal Association
    John F. O'Brien, Dean Of New England School Of Law.

Gerald Jones
269 Treble Cove Road
North, Billerica, Ma. 01862                    **July 8, 2000**

Board Of Bar Overseers
(New Complaint Department)
75 Federal Street
Boston, Ma. 02110

Re: **Attoney Lee Gartenburg & Paralegal Stephanie Kean Of
The Middlesex County Jail & House Of Correction:**

Dear Sir/Madam:

I have been a prisoner of the Middlesexx County Jail and
House of Correction since August 9, 1999. Where I have experienced
the debilitating, degrading and humiliating conduct of Attorney
Lee Gartenberg and his assistant Stephanie Kean. Who have systemically
and routinely refused to give any "meaningful" assistance. In which
they were commissioned to do so with "all" Middlesex County Inmates.

It doesn't matter how kind, courteous or polite I am with them.
They always respond with deliberate and obvious disdain and
sarcasm. Ms. Kean made it her business to evaluate all of my legal
work in October of 1999. Just to tell me that she "wasn't about to
do shit for me" because I was grieving several of her lawyer
particularly Jackie Ellis a paralegal working under Norma J. Scott.
Who bundled my arraignment. She continues to refuses to assist me
with copies; research information; legal phone calls and legal
supplies. She recently made a spectacle of me in front of several
officers and inmates by trying to clown me about why I wanted records
from the Jury Commissioner and how to seek legal action to get them.
She obviously has some deep rooted psychological problems and is
"openly" hostile towards anyone who doesn't "lust" after her. She
sashays around an all mens Jail with the same old trash skin tight
pants, with obviously no panties or bra; and drenched in cheap ""one-
night-stand" perfume that can be smelt before she enters the parking
lot. I have never, ever seen an administration allow a woman to strut
around a prison the way she does.

Attorney Lee Gartenberg refuses to notarize anything for me unless he is first allowed to read it's contents, and I raise my right hand and "swear" before him that everything it the document is true. Consequently I haven't been able to get anything notarized. Because he's only suppose to witness me signing it.

This is the type of mentality that I have suffered under for approximately (9) months. I have lost a viable civil claim just because attorney Gartenberg refused to give me proper instructions, and instead had me pursuing an exercise in futility.

The humiliation type of discrimination and the adverse affect it it continues to have on my legal endeavors deserves your good office's prompt attention.

**I Tender Your Response**

**Respectfully**

---

**Gerald Jones**

Gerald Jones
269 Treble Cove Road
North, Billerica, Ma. 01862                October 18, 2000

John Goggin, Inmate Legal/Attorney
The Billerica House Of Correction

Re: **Retaliation**


Dear Attorney Goggin:

   Lee Gartenberg and the Case-Worker Daniel Lee have allowed me
to make calls to the Board Of Bar Overseers, The Court Clerks,
and other government agencies. But every since I have begun
serious litigation and criticism against the Sheriff's Department
Daniel Lee and now you refuse to allow me to call anyone but my
assigned lawyer in my criminal case.Despite Mr. Lee having a
record of me making such call since I arrived here in March, and
you yourself allowing me to make theses calls on several occasions
while I was at the Mods.

   You and Lee Gartenberg and Stephanie Kean are "clearly" a major
part of the problems that myself and others continue to experience
here on a daily basis (unecessarily). Because you are obviously
more concerned with  protecting the Departments' interest and
covering up for them some of the deplorible living conditions and
routine misconduct of officers and medical personnel here.

   .As an African American I have suffered in more so by the common
practices of systematic discrimination and racism. Which you and
your colleagues are just as insensitive to as the perpetrators.
Which was made more evident by Deputy Eddie Diamonds threats to
put me in segregation when I returned from the Bristol County Jail,
because of what he said was Lee Gartenberg and Stephanie Kean's
idea as well as the kitchen Sgt. for shipping me out. Twice!!
Another example is you notifying the Librarian not to allow me
to make copies of the Departments' CMR"s.

   The hypocrisy of Inmate legal Services as revealed through you,
Lee Gartenberg and Stephanie Kean's own acts and omissions is
clearly something deserving judicial review!!!!!

**Very Truly Yours**


_____                     ·CC: **Constance Vecchione**
                                                **BBO**  ·
Gerald Jones                                    **Chief Justice,**
                                                **William G. Young**
                                                **William Leahy, CPCS.**

To:  Jones, Gerald

From:  Officer Brown, I.G.C.

Subject:  grievance  2000/59

Date:  May 3, 2000

I spoke with your Caseworker, Security and the Mailroom Staff and they are aware of the situation.  Your legal mail has been opened inadvertently and an effort is being made to stop this from happening again.

# Bristol County Jail and House of Correction

### 400 Faunce Corner Road
### North Dartmouth, MA 02747

### Speedi-Reply Request Slip

Request To: _Dan Shaughnessy - Cor?_

From: _Gerald Jones_          ID NUMBER: _110342_

Date: _9/7/00_          Housing Unit / Cell: _F-8-A4_

Reason: _I got off of lock up today and I would like to be placed in general population ASAP! this is still punative segregation._

---

STAFF RESPONSE          Date: _____

Gerald,

I Submitted a classboard

to move you out of

FA

Signed: _____

# Bristol County Jail and House of Correction

### 400 Faunce Corner Road
### North Dartmouth, MA 02747

### Speedi-Reply Request Slip

**Request To:** Dan Shaughnessy - Case Worker

**From:** Gerald Jarus          **ID NUMBER:** 110348

**Date:** 9/5/00          **Housing Unit/Cell:** F-A

**Reason:** get a copy of the "D.O.C." policy allowing this administration to keep me on 1-1 for a ticket I was served last tuesday and never given a sanction for, and the "D.O.C." policy that says this jail is exempt from honoring religious & medical diets!

---

**STAFF RESPONSE**          **Date:** _____

Gerald,
        You can get copies of D.O.C. policy from the library.

I have explained to you the process for getting a special Religios diet. As for a medical diet you will have to write to medical.

**Signed:** _____

# Bristol County Jail and House of Correction

### 400 Faunce Corner Road
### North Dartmouth, MA 02747

### Speedi-Reply Request Slip

Request To: _Dan Shaughnessy - Case Worker_

From: _Gerald Jones_          ID NUMBER: _110342_

Date: _9/7/00_          Housing Unit / Cell: _~~Class~~ F-X-M4_

Reason: _Copy of the disciplinary ticket_
_from petition that_
_your people used to keep_
_me locked up for_
_over a week. I'm still_
_locked. I made this same_
_request to the D-board officer. But I_
_don't expect a response because she's_
_ignored all of my other speedy._

**STAFF RESPONSE**          Date: _____

_Gerald,_

_I do not have a_

_copy of Your D-Board_

_When I get it I will_

_send you a copy_

Signed: _____

# Bristol County Jail and House of Correction

**400 Faunce Corner Road**
**North Dartmouth, MA 02747**

### Speedi-Reply Request Slip

Request To: _Attorney Rousseau - D-Board_

From: _Lewie Jones_   ID NUMBER: 110342

Date: _9/8/00_   Housing Unit / Cell: _E-A-14_

Reason: _I would like a copy of the disciplinary D+ ticket from Billerica which you kept me in punitive segregation for since last thursday the which I am still being held in "your" punitive segregation._

---

**STAFF RESPONSE**   Date: 9/11/00

_M. Jones_
_I have attempted to contacted Billerica on several occassions + left messages concernin your request/contested D Rep at that facility. However no response has been made. Also, in the absence of that facility proceeding with any open matter they may have, there is nothing further I can do in this regard unless they contact the BC HOC._

Signed: _Russo 9/11/00_

# Bristol County Jail and House of Correction

### 400 Faunce Corner Road
### North Dartmouth, MA 02747

#### Speedi-Reply Request Slip

**Request To:** *Dan Shaughnessy — Case Worker*

**From:** *Gerol I Jones*    ID NUMBER: *110342*

**Date:** *9/11/00*    Housing Unit / Cell: *F-A-114*

**Reason:** *I'm sure you can obtain a copy of the p-ticket I recieved at Billerica from attorney Louseau who refuses to acknowledge any of my requests. I'm sure she won't ignore the 000's investigation!*

---

**STAFF RESPONSE**    Date: *9/11/00*

*I have attempted to contact Billerica concerning this matter several times w/o a response. As it up to that facility to now pursue the matter, you may wish to contact them yourself with any questions you may have. This is not a pending matter in this facility.*

**Signed:** _____

# Bristol County Jail and House of Correction

### 400 Faunce Corner Road
### North Dartmouth, MA 02747

### Speedi-Reply Request Slip

Request To: _Glenn H. Sturgeon Jr. Superintendent_

From: _Gerald Jones_      ID NUMBER: _110347_

Date: _9/4/00_      Housing Unit/Cell: _F-A_

Reason: _"illegally" held on A-A for "insolence" o-ticket issued at Billerica, last tuesday, and moved here last thursday. I would like to be released from this illegal Confinement immediately and transferred back to Billerica!_

**STAFF RESPONSE**      Date: _____

_Called Middlesex HOC 9/6 & 9/7, left messages both days w/ Off Rosetti. No response, took Inmate Jones off status 9/7/00 pending info from Billerica._

_LR_

Signed: _____

**\*1278 103 CMR 934.01**

# CODE OF MASSACHUSETTS REGULATIONS
## TITLE 103: DEPARTMENT OF CORRECTION
### CHAPTER 934.00: COUNTY CORRECTIONAL FACILITIES - LEGAL RIGHTS

*Current through March 2, 2001, Register #916*

## 934.01: Inmate Rights (Required)

The facility shall ensure that inmate rights are being protected by providing, at a minimum, the following:

(1) Written policy and procedure shall ensure the right of inmates to have access to the courts and to address communications to governmental authorities. Inmates seeking judicial or administrative redress shall not be subjected to reprisals or penalties as a consequence.

(2) Written policy and procedure shall ensure and facilitate the right of inmates to access attorneys and their authorized representatives.

(3) Written policy and procedure shall provide the following:

(a) that program access, work assignments and administrative decisions are made without regard to inmates' race, religion, national origin, sex, handicap or political view; and,

(b) equal opportunity to access various programs and work assignments, and involvement in decisions concerning classification status.

(4) Written policy and procedure shall provide for a program designed to assist inmates in the preparation and filing of legal papers. Such a program shall meet the minimum requirements for legal assistance programs required by applicable Federal and State law. The program shall consist of one of the following:

(a) a law collection containing legal materials meeting the minimum requirements of such a collection as required by applicable Federal and State laws, and the required equipment and supplies to prepare legal papers; or,

(b) a lawyer assistance program which shall furnish inmates with sufficient opportunity to meet with and be counseled by attorneys, to the extent required by the demonstrated legal needs of the particular inmate.

(5) Written policy, procedure and practice provide that foreign nationals have access to the diplomatic representative of their county of citizenship.

<General Materials (GM) - References, Annotations, or Tables>

Copyright (c) West Group 2001 No claim to original U.S. Govt. works